**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3818-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DEVONTA J. WYLIE, a/k/a
DEVONTA J. MONTAGUE-
WYLIE, DEVONTA
MONTAGUE, DEVONTA
MONTAGUEWYLIE, and
DEVONTA WYLIE,

    Defendant-Appellant.

_____

        Submitted January 20, 2026 – Decided February 23, 2026

        Before Judges Walcott-Henderson and Bergman.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 17-04-1060, 17-12-3694, and 18-05-1623.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Paul F. Darakjian, Designated Counsel, on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Margaret Myaskovskaya, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Devonta J. Wylie appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Having reviewed the record and applicable legal standards, we are unpersuaded by defendant's arguments and affirm.

The relevant facts are undisputed. Charged with a total of twenty-one counts involving mostly controlled dangerous substance (CDS) offenses across three separate Essex County indictments, including first-degree possession with intent to distribute CDS (MDMA/Ecstasy), N.J.S.A. 2C:35-5(a)(1), (b)(1); third-degree possession of CDS (MDMA/Ecstasy) with intent to distribute within a school zone, N.J.S.A. 2C:35-7A; and second-degree possession of a firearm while committing a drug offense, N.J.S.A. 2C:39-4.1(a), defendant agreed to a plea offer to resolve all charges contained in the various indictments.

More particularly, defendant pleaded guilty to one count of possession of CDS with intent to distribute (MDMA/Ecstasy) and two counts of possession with intent to distribute within 1,000 ft. of a school (Indictment 17-04-1060); possession of CDS with intent to distribute within 1,000 ft. of a school (Ecstasy)

2

(Indictment 17-12-3694); and second-degree possession of firearm with committing CDS crime (Indictment 18-05-1623).

The record shows that at the time of the plea hearing, defendant reviewed and signed plea forms that memorialized these precise terms as recounted by the State at the hearing. During the plea allocution, defendant admitted to the factual predicates of the crimes to which he was pleading guilty and advised the judge that he: understood the plea offer; was not promised anything other than the plea offer; was not under the influence of any substance at the time; his attorney fully advised him of the indictments, discovery and the plea offer, and had answered all of his questions; made the decision to plead guilty; and knew his actions were unlawful. Pursuant to the plea agreement, the State recommended dismissal of all remaining charges.

Thereafter, in accordance with the terms of the plea agreement, the court sentenced defendant to an aggregate term of eight-years incarceration with a four-year period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. More particularly, on Indictment 17-04-1060, the court sentenced defendant to eight years in prison with a period of forty-two months of parole ineligibility; on Indictment 18-05-1623, the court sentenced defendant to a seven-year term of incarceration, with forty-two months of parole

3

ineligibility; and on Indictment 17-12-3694, the court sentenced defendant to a three-years' incarceration with one year of parole ineligibility, to run concurrent with Indictments 18-05-1623 and 17-04-1060.

Almost four years later to the day, defendant filed a timely pro se PCR petition, alleging ineffective assistance of plea counsel. Defendant did not appeal his convictions or sentences and did not move to withdraw his guilty pleas.[1] In his pro se petition, defendant asserted he was "hoping to find whatever relief is appropriate for [his] situation. [He] was sentenced and [is] currently serving time for a term[] [he] never agreed to plead guilty to." In his subsequent counseled brief, defendant argued that he was entitled to PCR relief because he received ineffective assistance of counsel, rendering his plea unknowing and involuntary, and that he was therefore entitled to an evidentiary hearing to develop a thorough record.

Following oral argument, the court denied defendant's PCR petition and issued a well-reasoned oral decision. The court explained the applicable legal standard necessary for defendant to establish a PCR claim based on ineffective

---

[1] By the time of the PCR hearing, defendant was already on parole. Defendant was therefore seeking a "remolding [of] his sentence on the JOC," which we glean would give defendant one year off of his parole.

A-3818-23

assistance of plea counsel. Thereafter, in rejecting defendant's arguments, the court concluded:

> [t]he record does not reflect that defendant's [plea] counsel assured him that he would get [seven] years, nor is there evidence that, had the petitioner known he would be sentenced to [eight] years, he would not have pled guilty. Moreover, there are two plea forms that were used for the global resolution of petitioner's matters. Defendant had multiple opportunities to go over the plea negotiations with counsel and voice his concerns about counsel's representations during and prior to signing the forms.
>
> The defendant did not sustain his burden under Strickland [v. Washington, 466 U.S. 668 (1984)]'s first prong, that trial counsel's performance outlined in his PCR briefs were deficient. Defendant was sentenced in accordance with the plea agreement, as the sentence he received was explained to him during his plea allocution.

The court further concluded defendant was not entitled to an evidentiary hearing.

Defendant appealed, arguing the following points for our consideration:

POINT I

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL MISLED HIM AS TO TERMS OF THE PLEA AGREEMENT.

POINT II

THIS COURT MUST REMAND FOR AN EVIDENTIARY HEARING.

When a defendant claims ineffective assistance of counsel as the basis for relief, he must satisfy the two-pronged test formulated in Strickland, 466 U.S. at 687, which was adopted by our Court in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." Ibid. Reviewing courts must make "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also State v. Nash, 212 N.J. 518, 542 (2013).

The second prong of the Strickland test requires a defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52). "[A] conviction is

more readily attributable to deficiencies in defense counsel's performance when the State has a relatively weak case than when the State has presented overwhelming evidence of guilt." State v. Gideon, 244 N.J. 538, 557 (2021). "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A failure to satisfy either prong of the Strickland test requires the denial of a PCR petition. 466 U.S. at 700.

A defendant's right to effective assistance of counsel extends to the plea negotiation process. Lafler v. Cooper, 566 U.S. 156, 162 (2012); see also State v. Chau, 473 N.J. Super. 430, 445 (App. Div. 2022). When a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (alterations in original)); Lafler, 566 U.S. at 163 (citing Missouri v. Frye, 566 U.S. 134, 148 (2012)) (holding a defendant claiming ineffective assistance at the plea stage must show that "the outcome of the plea process would have been different with competent advice").

A-3818-23

A defendant also "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020).

"A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013); (quoting R. 3:22-10(b)). "[T]o establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance," Cummings, 321 N.J. Super. at 170. "[F]actual assertions in a [PCR must] be made by affidavit or certification in order to secure an evidentiary hearing." Jones, 219 N.J. at 312 (citing R. 3:22-10(c)).

Before us, defendant argues the PCR court erred in concluding that no evidence was presented to dispute counsel's advice, arguing instead that he was

"advised that the State's offer of eight (8) years would shrink to seven (7) years at sentencing," and "[plea] counsel effectively undercut what the plea agreement said by making 'misleading, material' misinformation to [him] about trusting trial counsel's representation as to what the ultimate term of incarceration imposed would be."

Defendant's arguments, however, are belied by the record, which clearly shows that he accepted the State's plea offer, including an eight-year term of incarceration to resolve over twenty charges contained in the three indictments. Moreover, defendant's assertion that plea counsel misled him with assurances of a lighter sentence, notwithstanding the plea forms and plea information on the record bearing his signature, is further contradicted by his sworn statements during the plea allocution, including his confirmation that he understood he was not required to plead guilty and his acceptance of the terms of the plea, including the aggregate eight-year sentence. Defendant's assertions against plea counsel therefore amount to mere allegations, unsupported by the record, which are insufficient to establish his claim of ineffective assistance of counsel. Cummings, 321 N.J. Super. at 170 (App. Div. 1999).

Additionally, we note that as the State averred, "[w]hile a defendant has the right to argue for a sentence less than the sentence recommended by the

9

State, it is ultimately up to the trial court to impose a sentence." Therefore, even if plea counsel had advised defendant that he may receive a lower sentence, "[e]rroneous sentencing predictions [] do not amount to constitutionally deficient performance under Strickland," particularly in view of this record. DiFrisco, 137 N.J. at 457.

Further, defendant has not demonstrated a reasonable probability that, but for plea counsel's alleged error, he would not have accepted the State's plea offer to resolve over twenty charges across the three indictments and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also DiFrisco, 137 N.J. at 457. We are further unconvinced that any decision by defendant to reject the State's plea offer would have been rational under the attending circumstances; given the plethora of second and third-degree charges against him across the three indictments and his significant exposure to a lengthier incarceration with possible consecutive sentences. Padilla, 559 U.S. at 372. Accordingly, having failed to demonstrate that plea counsel's representation was constitutionally deficient under Strickland, the PCR court properly denied defendant's petition.

We are also not persuaded by defendant's assertion that an evidentiary hearing is necessary to aid in his proofs and discern no abuse of discretion in the

PCR judge's decision to forego an evidentiary hearing. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding "[w]e review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard"). We reach this conclusion based on the well-established legal principle that a defendant is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. at 355; see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of [ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing").

Rather, a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR; meaning "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also Porter, 216 N.J. at 354 (same); State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008) (holding a "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition"). Moreover, we have consistently held that

any such evidentiary hearing is not "for the purpose of permitting a defendant to investigate whether additional claims for relief exist for which defendant has not demonstrated a reasonable likelihood of success." R. 3:22-10(e)(3).

Because defendant has failed to establish plea counsel representation was deficient under Strickland, the PCR court did not abuse its discretion by denying his PCR petition without an evidentiary hearing. See State v. Marshall, 148 N.J. 89, 158 (1997).

To the extent we have not addressed any of defendant's remaining arguments, we conclude that is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3818-23